1  Reed H. Olmstead, SBN 269525
   Law Offices of Reed H. Olmstead
2  5266 Hollister Avenue, Suite 224
   Santa Barbara, CA 93111
3  Phone: (805) 963-9111 Fax: (805) 963-2209
   reed@olmstead.law
4

5  Attorneys for Plaintiff, Sandra K. McBeth, Chapter 7 Trustee

6

7

8               IN THE UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        NORTHERN DIVISION

11

| | |
|---|---|
| In re | Case No. 9:19-bk-11134-MB |
| Jonathan P. Lakatos, | Chapter 7 |
| Debtor. | Adv No. 9:21-ap-    -MB |
| | **COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER** |
| Sandra K. McBeth, Chapter 7 Trustee, | |
| Plaintiff, | **11 U.S.C. §§ 548, 550, and 551** |
| v. | Date:   [To Be Set By Summons] |
| Antonio Bongiovanni and Elena L. Bongiovanni, | Time: |
| Defendants. | Place:  1415 State Street |
| | Courtroom 201 |
| | Santa Barbara, CA 93101 |
| | Judge:  Hon. Martin R. Barash |

24       TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:

25       Plaintiff Sandra K. McBeth, chapter 7 trustee (the "Trustee" or "Plaintiff") for the

26  bankruptcy estate of Jonathan P. Lakatos (the "Debtor"), respectfully alleges as follows:

27  ///

28  ///

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER - 1

**JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 151, 157, and 1334, 11 U.S.C. §§ 105 and 727, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Central District of California, and General Order No. 13-05 of reference of the Chief Judge of the United States District Court for the Central District of California dated July 1, 2013.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises under and in connection with a case filed under Title 11, pending in this district.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**PARTIES**

4.      The Trustee is the duly appointed, qualified, and acting chapter 7 trustee for the bankruptcy estate of Jonathan P. Lakatos.

5.      The Trustee is informed and believes and on that basis alleges that defendants Antonio Bongiovanni and Elena L. Bongiovanni (collectively, the "Bongiovannis") are individuals residing in the County of Ventura, State of California, and are the step-father and mother, respectively, of the Debtor.

**GENERAL ALLEGATIONS**

6.      On June 28, 2019, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the captioned bankruptcy case.

7.      Plaintiff Sandra K. McBeth is the duly appointed, qualified and acting chapter 7 trustee in the captioned bankruptcy case.

8.      On or around March 1, 2006, the Debtor and the Bongiovannis purchased the real property located at 5515 North Canoga Avenue #229, Woodland Hills, California 91367 (the "Property") for $395,808.00.  They took title as  "Jonathan P. Lakatos, a Single Man, and Antonio Bongiovanni and Elena L Bongiovanni, Husband and Wife, all as Joint Tenants."

9.      On or around May 29, 2018, the Debtor transferred his interest in the Property to the Bongiovannis via Quitclaim Deed for no consideration (the "Transfer").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfer – 11 U.S.C. § 548)**

10.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 9, as though fully set forth herein.

11.     The Transfer was a transfer of the Debtor's property that was made within two years before the Petition Date.

12.     The Debtor voluntarily made the Transfer with the actual intent to hinder, delay, and defraud creditors.

13.     The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

14.     The Debtor was insolvent when the Transfer was made or became insolvent as a result of the Transfer.

15.     The Transfer is an avoidable fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and (B).

**SECOND CLAIM FOR RELIEF**

**(Recovery of Fraudulent Transfer – 11 U.S.C. § 550)**

16.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 15, as though fully set forth herein.

17.     The Transfer is an avoidable fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and (B).

18.     The Transfer or its equivalent value is recoverable from the Bongiovannis, as initial transferees, pursuant to 11 U.S.C. § 550(a)(1).

**THIRD CLAIM FOR RELIEF**

**(Preservation of Avoided Transfer – 11 U.S.C. § 551)**

19.     Plaintiff realleges and incorporates herein by reference the allegations in Paragraphs 1 through 18, as though fully set forth herein.

20.     To the extent that the Transfer is avoided pursuant to 11 U.S.C. § 548,

1  Plaintiff may preserve, for the benefit of the bankrutpcy estate, the Transfer pursuant to 11

2  U.S.C. § 551.

3      **WHEREFORE**, Plaintiff prays for judgment as follows:

4      1.    For avoidance of the Transfer pursuant to 11 U.S.C. § 548(a);

5      2.    For recovery of the Transfer or its equivalent value pursuant to 11 U.S.C. §

6  550(a);

7      3.    For preservation of the avoided Transfer for the benefit of the bankrutpcy estate

8  pursuant to 1 U.S.C. § 551.

9      4.    For costs of suit incurred herein; and

10     5.    For such other and further relief as the Court deems just and proper under the

11 circumstances.

12  Dated: August 26, 2021        Law Offices of Reed H. Olmstead

13

14                         /s/ Reed H. Olmstead

                        Reed H. Olmstead,

15                         Attorneys for Plaintiff, Sandra K McBeth,

                        Chapter 7 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Sandra K. McBeth, Chapter 7 Trustee | Antonio Bongiovanni and Elena L. Bongiovanni |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Reed H. Olmstead<br>Law Offices of Reed H. Olmstead<br>5266 Hollister Avenue, Suite 224<br>Santa Barbara, CA 93111<br>805-963-9111 Fax: 805-963-2209 | ATTORNEYS (If Known)<br>David R. Hagen<br>MERRITT & HAGEN, APC<br>5950 Canoga Avenue, Suite 400<br>Woodland Hills, CA 91367<br>818-992-1940 |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [ ] Debtor      [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[X] Trustee | [ ] Debtor      [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [X] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**For the avoidance, recovery, and preservation of fraudulent transfer.**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ]  11-Recovery of money/property - §542 turnover of property
[ ]  12-Recovery of money/property - §547 preference
[ 1 ] 13-Recovery of money/property - §548 fraudulent transfer
[ ]  14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ]  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ]  31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ]  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ]  51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ]  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ]  62-Dischargeability - §523(a)(2), false pretenses,
        false representation, actual fraud
[ ]  67-Dischargeability - §523(a)(4), fraud as fiduciary,
        embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ]  61-Dischargeability - §523(a)(5), domestic support
[ ]  68-Dischargeability - §523(a)(6), willful and malicious injury
[ ]  63-Dischargeability - §523(a)(8), student loan
[ ]  64-Dischargeability - §523(a)(15), divorce or separation obligation
        (other than domestic support)
[ ]  65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ]  71-Injunctive relief - imposition of stay
[ ]  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ]  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ]  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ]  01-Determination of removed claim or cause

**Other**
[ ]  SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ]  02-Other (e.g. other actions that would have been brought in state
        court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>  Jonathan P. Lakatos | | BANKRUPTCY CASE NO.<br>  9:19-bk-11134-MB |
| DISTRICT IN WHICH CASE IS PENDING<br>  Central District of California | DIVISION OFFICE<br>  Northern | NAME OF JUDGE<br>  Martin R. Barash |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>  /s/ Reed H. Olmstead<br><br>  Reed H. Olmstead | | |
| DATE<br>  August 26, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>  Reed H. Olmstead | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case   Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.